IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRENTON SCOTT UNRUH,

      Plaintiff,

      v.                                      CASE NO.  24-3118-JWL

CITY OF GARDEN CITY, KANSAS, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Trenton Scott Unruh brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Winfield Correctional Facility in Winfield, Kansas and he has been granted leave to proceed in forma pauperis. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter may be dismissed without further prior notice to Plaintiff.

### I.  Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir.

1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## II.  The Complaint

It is not clear from the complaint who Plaintiff intends to name as Defendants in this action. In the caption, Plaintiff identifies as Defendants "Garden City, Kansas, et al." (Doc. 4, p. 1.) In the portion of the form complaint for identifying Defendants, however, Plaintiff identifies Mike Warren, the Sheriff of Finney County, Kansas, and E. Molinar, an employee of the Finney County Jail (FCJ). *Id.* at 1-2. And in a page attached to the form complaint, Plaintiff further states:  "I name Sheriff Mike Warren, Cpl Molinar, Sgt Moreno, Lt Guzman, CO Castenata, Sgt. Dickson,

Co Bates and Co Bokken, a[n]d CO Harp, Sgt Alverado defendants in this suit." (Doc. 4-1, p. 6 (all errors in original).) Because the pro se complaint is liberally construed, the Court has instructed the clerk to enter all of these individuals and Garden City as Defendants in this matter.

As the factual background for the complaint, Plaintiff alleges that his civil rights were violated multiple times by FCJ staff during his incarceration at the FCJ from January 2023 until July 2023 and again from January 2024 until March 4, 2024. *Id.* at 2. In additional pages attached to the complaint, Plaintiff further alleges that during his 2023 incarceration, he was held without bail in administrative segregation despite being a "pre[-]indicted" detainee facing a low-grade felony charge with a presumptive sentence of probation. (Doc. 4-1, p. 1, 5.)

He was housed in an 8-by-15-foot cell, was only allowed recreation once—in the FCJ gymnasium—and did not see the sun directly until his preliminary hearing in July 2023. *Id.* at 1-2, 4. Sometimes Plaintiff was also allowed to spend an hour in another room that had a phone and a table. *Id.* at 4. He was not allowed television or radio access, although he was issued a tablet through which he could rent movies. *Id.* at 3, 5. Plaintiff alleges that "the shower never worked" in his cell block and he had to take showers in the booking area. *Id.* at 4.

FCJ staff denied Plaintiff access to his disciplinary record, but Plaintiff alleges several instances when he was punished by FCJ staff. *Id.* at 2. Once, Plaintiff "shared a ketchup package" and was locked down in his cell for 24 hours with one hour allowed in the FCJ dayroom. *Id.* at 5. When Plaintiff called Defendant Harp an offensive name, Defendants Bates and Bokken locked Plaintiff for 10 days in a room in which the lights were always on and a camera recorded everything; the toilet was in plain sight of the camera. *Id.* at 2, 4. Defendant Harp also wrote Plaintiff up for refusing to clean on the Sabbath, which would have violated his religious beliefs. *Id.* at 7.

On other occasions, Plaintiff was punished by being locked in his cell for 48 hours at a time and once he was locked down for 72 hours with nothing but his clothing and a roll of toilet paper. *Id.* at 2. Plaintiff also alleges that punishment included confiscating his tablet, so he could not watch the movies he had paid to rent. *Id.* at 5. Plaintiff alleges that he was not given a hearing prior to these punishments, which were always at the officers' discretion. *Id.* at 4. During parts of Plaintiff's 2023 incarceration, he was proceeding pro se in his state-court case[1], but FCJ staff repeatedly denied him access to a law library. *Id.* at 1. Plaintiff further asserts that FCJ staff told him that neither a judge nor a lawyer can order the use of the law library. *Id.* at 8.

Plaintiff also alleges that FCJ guards hourly slammed doors, jingled keys, and made enough noise that it was "almost impossible" to sleep through the night. *Id.* at 3. Detainees such as Plaintiff "were not allowed to cover up" and, if they did, FCJ staff would remove everything from their cell, including bedding, from 7 a.m. until 10 p.m. *Id.* Plaintiff, who has been diagnosed with post-traumatic stress disorder (PTSD), asserts that there was a $20 charge to see a doctor. *Id.* When Plaintiff did see a medical provider, the provider ignored his PTSD diagnosis, did not provide the mediation Plaintiff needed to treat his PSD, and did not treat Plaintiff's Hepatitis C. *Id.* at 3, 8.

Plaintiff further contends that an FCJ guard stripped him out while wearing a body camera that displayed a green light, which Plaintiff considered sexual misconduct. *Id.* at 8. When Plaintiff attempted to report this to FCJ staff and use the FCJ grievance procedure, the accused guard retaliated against Plaintiff. *Id.* Plaintiff contends that the grievance procedure and the punishment system at the FCJ is unconstitutional, that there is no compliance officer, and that appeals are denied before being heard. *Id.* at 8.

---

[1] Plaintiff alleges that he received ineffective assistance of counsel in his state-court proceedings. (Doc. 4-1, p. 5.)

In July 2023[2], Plaintiff entered into a plea deal under which he pled no contest to state criminal charges and anticipated receiving probation; he was released on an own recognizance bond. *Id.* at 2, 9. He returned to FCJ in January 2024. *Id.* at 7. In February 2024, he was sentenced to a prison term, which he is currently serving and which he has appealed. *Id.* at 5. It appears that in March 2024, Plaintiff was transferred to Winfield Correctional Facility to serve the prison term to which he was sentenced. *Id.* at 9.

As Count I, Plaintiff alleges that that he was subjected to an illegal search, his due process and equal protection rights were violated, and he was subjected to cruel and unusual punishment on February 25, 2024. (Doc. 1, p. 3.) In the portion of the form complaint for stating the supporting facts[3], Plaintiff lists: "Minor violation Notice #139332," "Inmate Communication Form to Lt. Heckle," "Disciplinary record has been denied me," and "Testimony of other inmates in future discovery." *Id.* As Count II, Plaintiff alleges the violation of the constitutional prohibitions against excessive bail and cruel and unusual punishment, as well as the violation of his constitutional right to freedom of speech. *Id.* In the portion of the complaint for stating facts supporting Count II, he writes: "District Court record, ICF's in future discovery. Testimony of other inmates[.]" *Id.*

As Count III, Plaintiff alleges the violation of his due process and equal protection rights and theft of intellectual property. *Id.* at 4. As the supporting facts for Count III, Plaintiff asserts that the "[i]nmate [h]andbook, will show grievance procedure [is] unconstitutional, rule 47 unconstitutional, discipline to d[i]secretion of officers only no real appeal process unconstitutional." *Id.* (all errors in original). Plaintiff seeks money damages. *Id.* at 5.

---

[2] At another point in the attachments to the complaint, Plaintiff asserts that he "was not formally charged with anything until July 2024." (Doc. 4-1, p. 5.)

[3] The instructions for this section direct a plaintiff to "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." (Doc. 1, p. 3.)

### III. Discussion

#### A.  Rule 8

Rule 8 of the Federal Rules of Civil Procedure[4] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint, the Court cannot determine the basis of the claims alleged therein. The portions of the form for identifying Count I, Count II, and Count III and the facts supporting each count contain only general assertions and the identification of evidence Plaintiff apparently believes will support his claims, without indication of the particular events on which each count is based. The additional pages attached to the complaint describe many events, but it is unclear which of those events form the basis for Count I, Count II, or Count III.

The complaint would not give opposing parties fair notice of the basis of the claim or claims against them. As explained above, it is not entirely clear from the complaint who Plaintiff intends to name as Defendants in this matter. Because the complaint fails to clearly identify the defendants, the claim or claims against each defendant, and the specific facts on which those claims are based, it fails to comply with Rule 8.

---

[4] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint in its entirety. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the defendants, claims, and supporting facts for each claim made in this matter.

Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein. The Court requires the use of these forms so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.

Put another way, the court-approved form helps the Court to identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the current complaint. If Plaintiff chooses to submit an amended complaint in this matter, he may attach additional pages as necessary, but he must clearly label any additional pages so that the Court can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

In the interest of efficiency, the Court will identify additional deficiencies in the complaint now before it so that Plaintiff may ensure that those deficiencies are cured in any amended complaint he may choose to file.

### B.  Joinder of Claims and Parties

The complaint now before this Court does not comply with the rules on joining defendants and claims in a single action. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, the court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607. Thus, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named Defendants or that his claims against all Defendants arise from the same transaction or occurrence and involve common questions of law or fact. In the pages attached to his complaint, Plaintiff refers to the denial of access to the law library; overly severe punishment for disciplinary infractions; inadequate medical care; conditions of confinement; freedom of speech; freedom of religion; sexual misconduct by guards; excessive bail; and a bill of attainder, among other things. (Doc. 4-1.) Although Plaintiff at times identifies actions taken by specific guards, at other times he simply refers to FCJ staff in the collective, making statements such as: "They don't consider rented intellectual property as actual property and confiscate whenever they choose." *Id.* at 8.

Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, the complaint appears to allege various Defendants were involved in various civil rights violations. Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2). If Plaintiff chooses to file an amended complaint in this matter, the amended complaint must state (1) only those claims that arise against a single defendant or, if Plaintiff wishes to name multiple defendants, (2) only those claims that arise from the same transaction or occurrence and have common questions of fact or

law. In the amended complaint, Plaintiff should limit his facts and allegations to properly joined defendants and occurrences. If Plaintiff timely files an amended complaint that fails to comply with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff.

### C.  Defendant Garden City, Kansas

In the caption of the complaint, Plaintiff names Garden City, Kansas as a Defendant. (Doc. 4, p. 1.) A city may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his constitutional rights or has caused a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). In other words, a city "is not directly liable for the constitutional torts of its employees." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

A "[c]ity may be liable under *Monell* if it executes an unconstitutional policy or custom, or a facially constitutional policy that causes a constitutional violation." *Finch*, 38 F.4th at 1244; *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). To succeed on this type of claim, Plaintiff "must first show a municipal policy or custom—either an official rule or one so entrenched in practice as to constitute an official policy." *Finch*, 38 F.4th at 1244. Second, Plaintiff must show that the city "was deliberately indifferent to constitutional violations that were the obvious consequence of its policy," by showing that the city "had 'actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation' and 'consciously or deliberately [chose] to disregard the risk of harm.'" *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).

Actual notice can be established by showing "a 'pattern of tortious conduct,'" and constructive notice can be established "'if a violation of federal rights is a "highly predictable" or

"plainly obvious" consequence of a municipality's action or inaction.'" *Id.* (quoting *Barney*, 143 F.3d at 1308). If Plaintiff establishes that the city was deliberately indifferent, the final step is showing "that the policy directly caused his constitutional injury . . . by showing that the municipal practice was closely related to the deprivation of rights." *Id.* These are "'rigorous standards of culpability and causation.'" *Id.* at 1246 (quoting *Brown*, 520 U.S. at 398). In addition, municipal liability may be premised on decisions made by employees with final policymaking authority that are relied upon by subordinates or a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010). It is not sufficient to make only conclusory statements of such a policy, custom, or failure to train or supervise. *See Twombly*, 550 U.S. at 555.

Even liberally construing the complaint, it does not include the type of factual allegations that support a plausible claim that Garden City, Kansas is subject to liability under 42 U.S.C. § 1983. Thus, all claims against Garden City are subject to dismissal from this matter unless Plaintiff, in the amended complaint, alleges facts that support a plausible claim of municipal liability.

### D.  Personal Participation

An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This means that Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body of the complaint a description of the specific acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The complaint now before the Court fails to sufficiently allege the personal participation of Defendants Warren, Molinar, Moreno, Guzman, Castenata, Dickson, and Alverado. Plaintiff's complaint and exhibits most often use general and collective terms such as "they" but make no distinction as to what acts are attributable to whom, making it "impossible for any of these individuals" as well as the Court "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins*, 519 F.3d at 1250. In short, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565, n. 10.

Plaintiff does make specific factual allegations involving Defendant Warren, but the allegations do not show the level of personal participation required. The only allegations specifically involving Defendant Warren are: (1) his "policies and procedures are unconstitutional"; (2) he supervised staff who violated Plaintiff's civil rights;  (3) he did not know the law library existed; (4) as Sheriff of Finney County, he "is responsible for everything that happens in Finney County Jail"; and (5) Plaintiff "believe[s] that [his] 14th amendment was violated by Finney County Jail's Sheriff and his staff"; (Doc. 4, p. 1-2; Doc. 4-1, p. 1, 6.) In order to satisfy the personal participation requirement, however, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Even liberally construing the complaint, the only specific allegations regarding Defendant Warren are based on his supervisory role as Sheriff and his failure to know that a law library existed. Thus, Plaintiff has failed to state a plausible claim for relief against Defendant Warren. With respect to Defendants Molinar, Moreno, Guzman, Castenata, Dickson, and Alverado, the complaint and exhibits contain no specific factual allegations that show their personal participation in the violation of Plaintiff's constitutional rights. Thus, Plaintiff has failed to state a plausible claim for relief against these Defendants as well.

### E.  Challenges to State Court Proceedings

In the pages attached to the complaint, Plaintiff refers to his state-court criminal proceedings multiple times and it appears he may wish to challenge the lawfulness of his plea, his conviction, or his sentence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court "held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until the conviction has been invalidated." *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020). Since Plaintiff has advised this Court that he is currently appealing his criminal case in state court, any claims in this matter related to the lawfulness of his state-court conviction are barred by *Heck*.

## IV. Amended Complaint Required

As explained above, the complaint now before the Court contains multiple deficiencies that leave it subject to dismissal in its entirety. Thus, Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon court-approved forms that cures these deficiencies. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead, it completely replaces the original complaint.

Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his earlier complaint or the attachments thereto. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3118-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form merely to refer the Court to attached pages and he should clearly label the additional pages to indicate which portion of the form is being supplemented. If Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 26, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 25, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**