IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TRENTON SCOTT UNRUH,**

    **Plaintiff,**

    v.                                                         CASE NO. 24-3118-JWL

**CITY OF GARDEN CITY, KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Trenton Scott Unruh, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at Winfield Correctional Facility in Winfield, Kansas, but his claims in this matter relate to events that occurred while he was housed at the Finney County Jail in Garden City, Kansas. He alleges that on February 25, 2024, Defendant E. Molinar used his body camera to record a strip-search of Plaintiff. Plaintiff spoke to the Finney County Sheriff and CO Figeroa, then wrote a grievance about the event. Defendant Molinar retaliated against Plaintiff for writing the grievance by locking Plaintiff down. Defendant (fnu) Moreno then denied Plaintiff's appeal before receiving or considering it and without holding a hearing. (Doc. 8, p. 2-3.) Plaintiff seeks monetary damages. *Id.* at 5.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Finney County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of Finney County Jail to prepare and file a

1

*Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Court will wait to serve Defendants until after screening is completed.

(2) The Finney County Jail officials shall submit the *Martinez* Report on or before **October 1, 2024**. Upon the filing of that Report, the Court will screen Plaintiff's amended complaint. If the amended complaint survives screening, the Court will enter a separate order for service.

(3) Officials responsible for the operation of the Finney County Jail are directed to undertake a review of the subject matter of the amended complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this amended complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the Finney County Jail officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The Finney County Jail officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric

examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6)     Authorization is granted to the officials of the Finney County Jail to interview all witnesses having knowledge of the facts, including Plaintiff.

(7)     No motion addressed to the amended complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the amended complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Finney County Sheriff Michael L. Warren as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, Sheriff Warren may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, to Sheriff Warren, and to Susan Richmeier, the County Attorney for Finney County.

**IT IS SO ORDERED.**

Dated August 6, 2024, in Kansas City, Kansas.

>                             s/ John W. Lungstrum
>                             JOHN W. LUNGSTRUM
>                             UNITED STATES DISTRICT JUDGE