IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRENTON SCOTT UNRUH,

**Plaintiff,**

v.                                                                                          CASE NO. 24-3118-JWL

CITY OF GARDEN CITY, KANSAS, ET AL.,

**Defendants.**

## MEMORANDUM AND ORDER

On October 31, 2024, the Finney County Sheriff's Office filed a *Martinez* report. (Doc. 9.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.3d 1106 (10th Cir. 1991). Plaintiff's response to the *Martinez* report was due December 6, 2024. (Doc. 15.) That day, Plaintiff filed a motion for extension of time to respond that advises that he has not yet received a copy of the *Martinez* report. (Doc. 16.) Although the Court usually requires payment in advance for providing copies of filings, in the interest of efficiency, the Court will direct the clerk to provide to Plaintiff one copy of the *Martinez* report (Doc. 14) and the attachments thereto at no cost. The extension will be granted and Plaintiff will be granted to and including February 6, 2025 in which to file his response.

The Court also liberally construes the motion (Doc. 16) to request the appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Id.* at 1; *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing

1

*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. This case is in the screening phase of the proceedings, in which the Court determines whether Plaintiff has asserted a plausible claim against a proper defendant and the circumstances that leave this matter subject to dismissal were explained in the memorandum and order (M&O) issued on November 4, 2024. Plaintiff will have the opportunity to respond to the *Martinez* report and address the M&O and Plaintiff has thus far ably presented his facts and arguments. Therefore, the Court is not convinced that appointment of counsel is warranted at this time and thus will deny the request for counsel without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion (Doc. 16) is **granted in part and denied in part.** Plaintiff's request for an extension of time to respond to the *Martinez* report is **granted** and the response shall be filed no later than **February 6, 2025**. Plaintiff's request for the appointment of counsel is **denied.**

**IT IS FURTHER ORDERED** that the clerk shall provide to Plaintiff, at no cost, one copy of the *Martinez* report and the attachments thereto.

**IT IS SO ORDERED.**

DATED:   This 9th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge