IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRENTON SCOTT UNRUH,

    **Plaintiff,**

    v.                                                                             CASE NO. 24-3118-JWL

CITY OF GARDEN CITY, KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and former Kansas prisoner Trenton Scott Unruh brought this pro se civil rights action under 42 U.S.C. § 1983 claiming the violation of his constitutional rights during his confinement at the Finney County Jail (FCJ) in Garden City, Kansas. Plaintiff is no longer in custody. For the reasons explained below, this matter will be dismissed for failure to state a claim on which relief can be granted.

The operative amended complaint was filed in this matter on July 31, 2024. (Doc. 8.) Because Plaintiff was a prisoner at that time, the Court was required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). On August 6, 2024, the Court issued a memorandum and order (M&O) finding that the proper processing of Plaintiff's claims could not be achieved without additional information from FCJ officials. (Doc. 9.) The Court therefore ordered FCJ officials to prepare and file a *Martinez* Report, after which it would continue screening Plaintiff's claims in this matter. *Id.* at 2..

The *Martinez* Report was filed on October 31, 2024. (Doc. 14.) The Court resumed the statutorily required screening and concluded that in light of the information in the *Martinez* Report, all of Plaintiff's claims in the operative complaint are subject to dismissal under the statutory screening standards. Thus, on November 4, 2024, the Court issued another M&O explaining that the operative amended complaint fails to state a plausible claim that seeks relief from a Defendant not immune from such relief. (Doc. 15, p. 2-9.) The Court gave Plaintiff time in which to respond to the Report and to show good cause why the case should not be dismissed in its entirety. *Id.* at 9. Plaintiff was cautioned that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further prior notice." *Id.*

The initial deadline for Plaintiff's response was December 6, 2024, but the Court granted Plaintiff's subsequent motion for extension of time (Doc. 16) and extended the deadline until and including February 6, 2025. (Doc. 17.) That deadline has now passed and the Court has received nothing further from Plaintiff. Thus, the Court will dismiss this matter without prejudice for failure to state a claim upon which relief can be granted, as explained in detail in the Court's November 4, 2024 memorandum and order (Doc. 15).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

**Dated February 14, 2025, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**